AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

DEC -3 2019

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Axel Wilhelm BANGERT | ) | Case No. H19-2225M |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __12/2/19__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252A(a)(1) | Any person who knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

William R. Hurst, SA HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: December 3, 2019

_____
Judge's signature

City and state: Houston, Texas

Christina A. Bryan
Printed name and title

AFFADAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, William R. Hurst, being truly sworn and deposed state,

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge, Houston, Texas. I have been employed by Immigration & Customs Enforcement (ICE), Homeland Security Investigations (HSI), as an HSI agent for approximately thirteen years. I am currently assigned to the Cyber Investigations Group, and as part of my daily duties as an HSI agent assigned to this group, I investigate criminal violations relating to child exploitation and child pornography including violations of Chapter 109A, Chapter 110 and Chapter 117, all contained within Title 18 of the United States Code. I have received training in the area of child pornography and child exploitation. I have also participated in the execution of search warrants and arrest warrants; a number of which involved child exploitation and child pornography offenses.

2. This affidavit is based on reports your affiant has read and conversations your affiant has had with law enforcement officers and investigators involved in this investigation. This affidavit does not set forth all of my knowledge in this matter, but is intended only to show that there is probable cause to believe that Axel Wilhelm BANGERT is in violation of Title 18 USC 2252A(a)(1), anyone who knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography.

3. On December 2, 2019, the assigned duty agent with HSI Houston was contacted by Customs and Border Protection Inspectors at George Bush Intercontinental Airport and informed that a German citizen, later identified as Axel Wilhelm BANGERT, was referred to secondary inspection. During the secondary inspection child pornography was discovered on one of BANGERT's cellular phones.

4. CIG Special Agent (SA) William R. Hurst, HSI Airport Group SA Autumn West, and Computer Forensics Analyst (CFA) Cody Hukill responded to George Bush Intercontinental Airport. SA Hurst and SA West conducted an interview of BANGERT. The subject was read his *Miranda* Rights in the English language. BANGERT stated he understood his *Miranda* Rights and agreed to answer questions. During the interview, BANGERT stated the following facts (paraphrased):

5. BANGERT understands child pornography is nude images and videos of children under the age of eighteen (18), and knows such videos are illegal. He began viewing child pornography approximately one year ago. BANGERT stated he discovered child pornography while chatting in various mobile messenger applications and looking for adult pornography videos.

6. BANGERT also stated he attempted to purchase child pornography from two individuals he met in the mobile messenger applications. He successfully bought child pornography from the first subject on two occasions. BANGERT attempted to buy child pornography from the second subject, who he believed to be a boy from the Philippines, on two occasions. Both attempts to purchase child pornography from the second subject failed when the individual accepted BANGERT's money but never sent the child abuse images.

7. BANGERT stated he knew the images and videos that were posted to the mobile messenger application groups automatically downloaded to his cellular phone. He then said he would delete the images and videos from his media folders. BANGERT knew the files of child pornography would have to be deleted a second time, from the deleted files folder, before they would no longer be viewable on the phone. BANGERT said he last accessed the contraband files and messenger applications a day or two prior to December 2, 2019, but forgot to delete the images and videos from the deleted file on his phone to ensure they were not viewable.

8. BANGERT stated he would occasionally be required to share images or videos of child pornography so he would be granted access to some of the mobile messenger application groups. He further stated he obtained some of the child pornography media files to post to the groups and gain access. BANGERT stated some of the conversations in the groups involved discussions related to the sexual exploitation of children.

9. While SA Hurst and SA West were conducting the interview, CFA Hukill conducted a forensic preview of the cellular phone. CFA Hukill and SA Hurst observed numerous images and videos in the deleted folder consistent with child pornography. The images and videos were of children ranging in age from infants to young teenagers. Three of the videos are as follows:

   a. 1 December 2017 – 4:32 (min:sec) - This video file depicts a pre-pubescent female child victim, approximately 8-10 years of age, wearing a pink tank top and underwear. An adult male wearing silver shorts is observed lying on his back on a bed. The child removes his shorts exposing his penis. The child performs fellatio

on the adult male. At some point in the video, the adult male begins masturbating his penis while the child watches. At the end of the video, the adult male ejaculates and rubs his penis on the child's face.

b. 19 August 2018 - 00:12 (min:sec) – This video depicts a pre-pubescent female child victim, approximately 6-8 years of age, wearing a pink shirt and jean shorts. The jean shorts are unbuttoned and her underwear has been pulled to the side by the adult male's hand, exposing the child's bare vagina. The adult male is touching and spreading the child's vagina.

c. 27 July 2019 – 02:53 (min:sec) – The video depicts two nude, pre-pubescent female child victims, approximately 4-6 years of age. One of the children is lying on her back with her legs spread a part, while the other child licks her vagina. An adult male hand is observed touching the female child's vagina who is lying on her back.

10. CFA Hukill conducted a forensic preview of the other electronic devices belonging to BANGERT and viewed no other child pornography files on them. Those items were not seized.

11. Due to all the information set forth above, your affiant believes there is probable cause to believe on or about December 2, 2019, BANGERT was in violation of 18 USC 2252A(a)(1), Transporting Child Pornography in Interstate or Foreign Commerce.

William R. Hurst
Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN
Before me this 3rd day of December 2019 and I find probable cause.

Christina A. Bryan
United States Magistrate Judge
Southern District of Texas